[No. 380-3. Division Three. December 15, 1971.]

PEOPLES NATIONAL BANK OF WASHINGTON, *Respondent*, v. WILLIAM M. OSTRANDER et al., *Appellants*.

*John Moberg,* for appellants.

*Moe & Allan* and *W. Edward Allan,* for respondent.

Evans, J.—This is a case involving procedures under the Washington mortgages and trust receipts act (RCW 61.24), more commonly known as the Washington trust deed act.

Plaintiff commenced an unlawful detainer action on October 30, 1970, pursuant to the provisions of RCW 61.24.060, to obtain possession of certain real property which had been purchased by plaintiff at a trustee's sale on September 25, 1970. The trust deed was signed by both defendants on March 7, 1969 and was taken as additional security for a note to plaintiff in the sum of $45,184.45. Following default by defendants in payment of the note, procedures were started on May 15, 1970 to foreclose the deed of trust. The sale was set for September 25, 1970 and notice thereof was served on defendants on May 16, 1970, and notice of

sale was posted on the premises. Defendants took no action with regard to the sale, nor did they bid at the sale. The trustee's deed was thereafter issued to plaintiff and a letter was written to defendants advising them of the purchase and requesting possession of the premises. Thereafter, a notice to vacate was personally served on defendants. They rfeused to relinquish possession, and this action was commenced.

In response to plaintiff's complaint for unlawful detainer defendants filed an answer and cross-complaint alleging the deed of trust was obtained by fraud in that plaintiff represented the document defendants signed was a mortgage. By their cross complaint defendants sought to reform the trust deed, declare it to be a mortgage, and require plaintiff to foreclose its mortgage in the manner prescribed by law. Plaintiff moved to strike the cross complaint, claiming it sought relief not permitted in an action for unlawful detainer. Upon the date set for hearing plaintiff's motion to strike, defendants filed an amended answer and affirmative defense making the same allegations of fraud, but sought only to dismiss plaintiff's complaint. Plaintiff orally moved to strike defendants' amended answer. Following argument the court granted plaintiff's motion to strike both the cross complaint and defendants' amended answer and affirmative defense. Thereafter, plaintiff filed a motion for summary judgment which, following argument, was granted. Defendants appeal.

Defendants first assign error to the order of the trial court striking defendants' cross complaint and amended answer.

An unlawful detainer action does not contemplate a full-blown trial. As stated by the court in *Young v. Riley,* 59 Wn.2d 50, 52, 365 P.2d 769 (1961):

> In an unlawful detainer action, the court sits as a special statutory tribunal to summarily decide the issues authorized by statute and not as a court of general jurisdiction with the power to hear and determine other issues.

*See also, Sundholm v. Patch,* 62 Wn.2d 244, 382 P.2d 262

(1963), *MacRae v. Way,* 64 Wn.2d 544, 392 P.2d 827 (1964).

Due to the trial court's limited jurisdiction in an action for unlawful detainer, set-offs or counterclaims have not been allowed. *Young v. Riley, supra, Motoda v. Donohoe,* 1 Wn. App. 174, 459 P.2d 654 (1969). However, affirmative equitable defenses have been permitted. *Himpel v. Lindgren,* 159 Wash. 20, 291 P. 1085 (1930).

As stated in *Motoda v. Donohoe, supra* at 175:

An equitable defense, as defined by our court, arises when:

[T]here is a substantive legal right, that is, a right which comes within the scope of juridical action, as distinguished from a mere moral right, and the procedure prescribed by statute for the enforcement of such right is inadequate or the ordinary and usual legal remedies are unavailing, it is the province of equity to afford proper relief, unless the statutory remedy is exclusive.

*Rummens v. Guaranty Trust Co.,* 199 Wash. 337, 347, 92 P.2d 228 (1939).

The specific issue thus presented by defendants' first assignment of error is whether the Washington trust deed act (RCW 61.24) makes available to the defendants an adequate remedy at law.

■■ The statutory scheme of the act gives the purchaser at a trustee's sale the right to possession on the 20th day following the sale. RCW 61.24.060. The act was designed by the legislature to avoid time-consuming judicial foreclosure proceedings and to save substantial time and money to both the buyer and the lender. This feature of the act has been applauded as meeting the needs of modern real estate financing. See Comment, *The Trust Deed Act in Washington,* 41 Wash. L. Rev. 94 (1966). By the terms of the act it is clear the legislature did not contemplate that after the trustee's sale further lengthy proceedings would be required to obtain possession. It gave the purchaser at a trustee's sale the right to obtain possession of the real property by summary proceedings in an unlawful detainer action as provided by RCW 59.12. At the same time, it af-

forded to the grantor of a trust deed the right to restrain a threatened sale by the trustee upon "any proper ground." RCW 61.24.130.

The record now before us discloses that as early as April, 1970 defendants knew the document they signed was a trust deed—not a mortgage. On May 16, 1970 they were served with notice of sale to be held September 25, 1970. At any time between May 16 and September 25 they could have restrained the sale and litigated the issue of fraud. Instead, defendants chose to wait until after the sale on September 25, 1970, some 5 months after discovery of the alleged fraud, to assert their claimed defense. To allow one to delay asserting a defense until this late stage of the proceedings would be to defeat the spirit and intent of the trust deed act. We hold RCW 61.24.130 affords the grantor an adequate remedy at law and find no error in striking defendants' cross complaint and amended answer.

■ The remaining issue is whether the trial court erred in granting plaintiff's motion for summary judgment. A motion for summary judgment is properly granted if there is no genuine issue of fact as to any material element necessary to support a claimed cause of action. *Brown v. Child*, 3 Wn. App. 342, 474 P.2d 908 (1970), *Clarkston Community Corp. v. Asotin County Port Dist.*, 3 Wn. App. 1, 472 P.2d 558 (1970), *Felsman v. Kessler*, 2 Wn. App. 493, 468 P.2d 691 (1970). As stated by the court in *Almy v. Kvamme*, 63 Wn.2d 326, 387 P.2d 372 (1963):

> The office of a summary judgment proceeding is to avoid a useless trial. It is to test, in advance of trial, whether evidence to sustain the allegations in the complaint actually exists. Evidentiary pleadings alone, if properly challenged by controverting affidavits, depositions, and admissions presented by the moving party, will not carry the issue of fact to a trial. The object of a motion for summary judgment is to separate the wheat from the chaff in evidentiary pleadings, and to establish, at the hearing, the existence or nonexistence of a genuine, material issue.

■ In the instant case defendants submitted two affida-

vits in opposition to plaintiff's motion for summary judgment. The first affidavit recited that an employee of plaintiff came to defendants' residence and requested the signature of defendants, representing the document to be a second mortgage. Believing and relying on this representation, defendants signed the document. Defendants' affidavit contains no allegation they had a right to rely on the statements of plaintiff's employee that the instrument was a mortgage rather than a trust deed. Defendants admit they did not read the instrument when they signed it, yet they do not allege a fiduciary relationship between themselves and plaintiff, or an inequality of bargaining position. Their failure to do so makes the language of *Washington Central Imp. Co. v. Newlands,* 11 Wash. 212, 214, 39 P. 366 (1895), applicable:

> If people having eyes refuse to open them and look, and having understanding refuse to exercise it, they must not complain, when they accept and act upon the representations of other people, if their venture does not prove successful. Written contracts would become too unstable if courts were to annul them on representations of this kind.

*See also, Kelley v. von Herberg,* 184 Wash. 165, 50 P.2d 23 (1935), *Hesseltine v. First Methodist Church,* 23 Wn.2d 315, 161 P.2d 157 (1945), *Ockfen v. Ockfen,* 35 Wn.2d 439, 213 P.2d 614 (1950).

 Although defendants' affidavit contains a conclusional statement of fraud, it does not contain sufficient facts which, if proven, would establish fraud. As stated by this court in *Brown v. Child, supra,* "an unsupported conclusional statement cannot be considered by a court in a motion for summary judgment."

 In his second affidavit defendant says that neither he nor his wife appeared before any notary public and, therefore, the acknowledgment is fraudulent. In *Fidelity & Cas. Co. v. Nichols,* 124 Wash. 403, 214 P. 820 (1923), the Supreme Court held that an unacknowledged deed or mortgage between the parties is valid. Thus, between the par-

ties, whether the deed was fraudulently acknowledged or not is immaterial. The critical fact is they signed it.

There being no genuine issue as to any material fact, it was not error for the trial court to grant summary judgment for plaintiff.

Judgment affirmed.

MUNSON, C.J., and GREEN, J., concur.