[Nos. 19438–1–I; 19556–5–I; Division One. April 11, 1988.]
20267–7–I.

RICHARD LEE KOEGEL, *Appellant,* v. PRUDENTIAL MUTUAL
SAVINGS BANK, ET AL, *Respondents.*

*Jordan M. Hecker* and *Watson & Longley,* for appellant.

*George, Hull & Porter, P.S.,* by *Richard A. Pitt* and *Kenneth L. Taylor,* for respondent Prudential Mutual Savings Bank.

*David A. Leen* and *Leen & Moore,* for respondent U.S. Trustee Corp.

*David S. Kerruish, Robert Ordal,* and *Ordal & Jones,* for respondents McNae.

COLEMAN, A.C.J.—In these consolidated appeals, Richard Lee Koegel seeks to set aside a nonjudicial foreclosure sale, recover damages, and quiet title. Koegel appeals from separate summary judgments in favor of Roderick and Jane Doe McNae, purchasers of the foreclosed property; the U.S. Trustee Corporation, trustee on the deed; and Prudential Mutual Savings Bank, beneficiary on the deed. We affirm.

On August 13, 1980, Richard Lee Koegel[1] executed a deed of trust assigning several parcels of land along Lake Washington Boulevard to secure repayment of a $250,000 loan. The deed of trust listed Prudential as beneficiary and Safeco Title Insurance Company as trustee. Prudential later appointed U.S. Trustee as successor trustee on the deed.

Koegel defaulted on the October 1985 loan payment and on all subsequent payments. Prudential initiated nonjudicial foreclosure proceedings under the power of sale provision of the trust deed on January 9, 1986. That notice of default and commencement of foreclosure, issued by U.S. Trustee, contained an inaccurate description of the property. A corrected version of the notice of default was issued on January 15, 1986, properly describing the subject property but also describing a parcel that had previously been conveyed and was no longer part of the transaction.

Koegel failed to cure the defaults. On February 10, 1986, U.S. Trustee issued a notice of trustee's sale, setting the

---

[1]Although Koegel is the real party in interest in this case, all the transactions herein were conducted by one Dennis McMillan in Koegel's behalf. McMillan is Koegel's attorney in fact and handles all of his financial and real estate affairs.

sale date for May 16, 1986. The original sale date was postponed four times at Koegel's request. Koegel threatened to enjoin the sale but did not do so.

On June 5, 1986, the day prior to one of the scheduled sales, Koegel's attorney wrote to the trustee requesting a 90–day continuance of the sale and indicating that he was still confused as to which property was being foreclosed, that neither he nor his client had received formal notice of the resetting of the foreclosure sale, and that he would enjoin any attempt to hold a foreclosure sale. U.S. Trustee responded on June 11, 1986, indicating that in order to procure a further continuance, Koegel would either have to submit a written plan for curing the default or document a defect in the foreclosure process. Koegel did not submit any such material to the trustee.

The foreclosure sale was held on June 13, 1986. The property was purchased by Roderick McNae for approximately $260,000. McMillan and his attorney attended the sale and made no request for a continuance or objection to the process.

Koegel filed suit on June 27, 1986, against McNae, U.S. Trustee, and Prudential. McNae's motion for summary judgment was granted on October 3, 1986, and Koegel's motion for reconsideration was denied on October 21, 1986. U.S. Trustee's motion for summary judgment was granted on November 13, 1986. Prudential's motion for summary judgment was granted on March 27, 1987. Prudential was also awarded attorney's fees and costs.

Koegel appealed all three dismissals to this court, where they were ordered consolidated.

We first examine appellant's allegations of defects in the foreclosure process.

Appellant contends U.S. Trustee breached its duty by proceeding with the foreclosure sale despite being aware that the notice of sale was sent less than 30 days after the second (corrected) notice of default.

The parties agree the first notice of default, issued January 9, 1986, contained an inaccurate description of the

property to be foreclosed. The second notice of default, issued January 15, 1986, contained a description of the property identical to that in the deed of trust. It also, however, contained an additional description of a plot that had been conveyed and was no longer part of the transaction. The notice of trustee's sale was issued on February 10, 1986. RCW 61.24.030(6)[2] requires the trustee to send to the debtor a notice of default containing a description of the property at least 30 days prior to issuing a notice of sale.

 Thus, although the trustee's notice of sale was sent to appellant 31 days after the original notice of default, it was sent only 25 days after the corrected notice of default. This court recently noted that

because power–of–sale foreclosures are undertaken without judicial scrutiny, both deed of trust statutes and deeds of trust should be construed in favor of borrowers: A mortgage generally may be foreclosed only by filing a civil action while, under a Deed of Trust, the trustee holds a power of sale permitting him to sell the property out of court with no necessity of judicial action. The Deed of Trust statutes thus strip borrowers of many of the protections available under a mortgage. Therefore, lenders must strictly comply with the Deed of Trust statutes, and the statutes and Deeds of Trust must be strictly construed in favor of the borrower.

*Patton v. First Fed. Sav. & Loan Ass'n,* 118 Ariz. 473, 477, 578 P.2d 152 (1978).

*Queen City Sav. & Loan Ass'n v. Mannhalt,* 49 Wn. App. 290, 294–95, 742 P.2d 754 (1987), *review granted,* 109 Wn.2d 1020 (1988). Furthermore, a trustee is held to an

---

[2]RCW 61.24.030(6) provides:

"It shall be requisite, to foreclosure under this chapter:

". . .

"(6) That at least thirty days before notice of sale shall be recorded, transmitted or served, written notice of default shall be transmitted by the beneficiary or trustee to the grantor or any successor in interest at his last known address by both first class and either registered or certified mail, return receipt requested, and the beneficiary or trustee shall cause to be posted in a conspicuous place on said premises, a copy of said notice, or personally served on the grantor or his successor in interest. This notice shall contain the following information:

"(a) A description of the property which is then subject to the deed of trust;"

exceedingly high standard when exercising his fiduciary duty. *Cox v. Helenius,* 103 Wn.2d 383, 388–89, 693 P.2d 683 (1985). Strict construction of RCW 61.24.030 leads to the inevitable conclusion that U.S. Trustee's notice of sale was sent without 30 days' notice of default since the original notice of default did not contain a description of the property subject to foreclosure. This is not to say, however, that the strict compliance requirement eliminates any consideration of prejudice before a sale may be set aside. See discussion, *infra.*

Appellant's contentions that he was prejudiced by this lapse are disingenuous. The notice of default listed the loan which was in arrears. From that information, appellant would be on notice that the property offered as collateral for that loan would be in jeopardy of foreclosure. The purpose of the notice of default is to notify the debtor of the amount he owes and that he is in default. In fact, the notice of default properly listed the amount of arrears and noted the deed of trust that was subject to foreclosure. That deed would also have put appellant on notice as to which property was in jeopardy. Furthermore, appellant's argument on appeal focuses on his allegation that he was confused as to which of his properties was being foreclosed. However, there is no dispute that the notice of sale, which serves to inform debtors which property is subject to foreclosure, contained an accurate description of the property and was issued well prior to the 90 days in advance of the sale required by RCW 61.24.040.

Appellant was notified of his right to enjoin the sale by the notice of trustee's sale, as required by RCW 61.24-.040(1)(f). Appellant was aware of the technical defects in the notices of default. Nonetheless, appellant neither provided U.S. Trustee with documentation of the precise errors alleged, nor acted to restrain the sale. In fact, the trustee granted appellant a series of continuances, postponing the sale from May 16, 1986 to June 13, 1986. The continuances alone would ameliorate any harm appellant suffered by having 5 fewer days' notice between the notice

of default and notice of sale than required by RCW 61.24-.030(6).

Thus, while the rationale of *Queen City* is persuasive in that the streamlined procedures of nonjudicial foreclosure leave debtors with minimal protections, necessitating close scrutiny of those procedures by our courts, it does not require avoidance of a sale where, as here, the trustee's error was nonprejudicial and the debtor could have invoked judicial protection prior to the sale but failed to do so. *Queen City* did not foreclose a requirement that prejudice be established in order to void a sale where, as here, the trustee's error was a technical, formal error, nonprejudicial, and correctable. *See* G. Osborne, G. Nelson & D. Whitman, *Real Estate Finance Law* § 7.20, at 478 (1979) (inconsequential defects in notice of sale do not invalidate sale). In fact, it wasn't necessary for the *Queen City* court to reach that issue.

 The nonjudicial foreclosure act has three basic public policy objectives:

> First, the nonjudicial foreclosure process should remain efficient and inexpensive. *Peoples Nat'l Bank v. Ostrander*, 6 Wn. App. 28, 491 P.2d 1058 (1971). Second, the process should provide an adequate opportunity for interested parties to prevent wrongful foreclosure. Third, the process should promote the stability of land titles.

*Cox,* at 387. Avoiding the sale in this circumstance would undermine all three objectives, especially considering appellant's failure to pursue presale remedies. The *Queen City* case, moreover, did not address the issue of waiver, *i.e.*, the debtor's failure to take advantage of presale remedies. Thus, we are persuaded by the rationale of *Peoples Nat'l Bank v. Ostrander*, 6 Wn. App. 28, 491 P.2d 1058 (1971), favoring the streamlined nonjudicial foreclosure procedures and noting the adequacy of presale judicial remedies.

The statutory scheme of the act gives the purchaser at a trustee's sale the right to possession on the 20th day following the sale. RCW 61.24.060. The act was designed

by the legislature to avoid time–consuming judicial fore-closure proceedings and to save substantial time and money to both the buyer and the lender. This feature of the act has been applauded as meeting the needs of modern real estate financing. See Comment, *The Trust Deed Act in Washington,* 41 Wash. L. Rev. 94 (1966). By the terms of the act it is clear the legislature did not contemplate that after the trustee's sale further lengthy proceedings would be required to obtain possession. It gave the purchaser at a trustee's sale the right to obtain possession of the real property by summary proceedings in an unlawful detainer action as provided by RCW 59.12. At the same time, it afforded to the grantor of a trust deed the right to restrain a threatened sale by the trustee upon "any proper ground." RCW 61.24.130.

*Ostrander,* at 31–32.

■ In *Ostrander,* the grantor attempted to resist the foreclosure sale buyer's unlawful detainer action by assert-ing a defense of fraud. The court held that since the grantor had the statutory right to restrain the sale, failure to do so waived that right:

To allow one to delay asserting a defense until this late stage of the proceedings would be to defeat the spirit and intent of the trust deed act. We hold RCW 61.24.130 affords the grantor an adequate remedy at law . . .

*Ostrander,* at 32.

The doctrine of waiver should preclude

an action by a party to set aside a completed trustee's sale whenever the party (1) received notice of the right to enjoin the trustee's sale, (2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and (3) failed to bring an action to enjoin the sale. In most cases, the statutory notices of foreclosure and trustee's sale should be sufficient to inform a party of the right to enjoin the sale. Furthermore, most substantive defenses to foreclosure arise early enough to permit the filing of a presale injunction action. Therefore, in most cases, a party's failure to bring a presale injunction action should be held to constitute a waiver of the right to con-test the completed sale.

(Footnotes omitted.) Comment, *Court Actions Contesting the Nonjudicial Foreclosure of Deeds of Trust in Washington,* 59 Wash. L. Rev. 323, 335 (1984). *See also Bowman v. Webster,* 44 Wn.2d 667, 669, 269 P.2d 960 (1954) (waiver is the intentional and voluntary relinquishment of a known right).

In the instant case, appellant received notice of the foreclosure sale on February 10, 1986. RCW 61.24.040(1), the statutorily prescribed notice of trustee's sale sent to appellant, provided notice of the right to enjoin the sale:

A deed of trust foreclosed under this chapter shall be foreclosed as follows:

(1) At least ninety days before the sale, the trustee shall:

(a) Record a notice in the form described in RCW 61.24.040(1)(f) in the office of the auditor in each county in which the deed of trust is recorded;

. . .

(f) The notice shall be in substantially the following form:

. . .

IX.

Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

The sale occurred on June 13, 1986, after several postponements at appellant's request. The record shows appellant made several vague allegations to U.S. Trustee of procedural irregularity during this period. Indeed, the record shows that appellant made several threats to enjoin the foreclosure sale. Appellant contends he was unable to enjoin the sale under RCW 61.24.130(2), which requires the grantor to give the trustee and beneficiary 5 days' notice of the motion, because he and the trustee broke off negotiations only 2 days prior to the scheduled sale. The record establishes, however, that the trustee wrote to appellant prior to the sale and offered to grant appellant a 90–day

continuance if appellant would produce either a written proposal for curing the default or a documented defect in the foreclosure process. Appellant did neither.

Appellant had a spectrum of potential legal remedies available to forestall the sale ranging from declaring bankruptcy, filing suit with a lis pendens, curing the default, seeking an injunction in conjunction with a motion to shorten time, or appearing at the sale and notifying the trustee and any buyers of the defects in the foreclosure process. In fact, appellant's attorney and Mr. McMillan appeared at the sale and said nothing. Appellant was aware of his right to restrain the sale and of his defenses to the sale, yet did not act. Therefore, appellant waived his right to contest the sale. *Ostrander,* at 32.

We affirm.

The remainder of this opinion has no precedential value. Therefore, it will be filed for public record in accordance with the rules governing unpublished opinions.

WILLIAMS and PEKELIS, JJ., concur.

Reconsideration denied May 17, 1988.

Review denied by Supreme Court September 1, 1988.