119 P.3d 884 (2005)
AMRESCO INDEPENDENCE FUNDING, INC., a Delaware corporation, Appellant,
v.
SPS PROPERTIES, LLC, a Washington limited liability company, and all other persons or parties unknown claiming any right, title, estate, lien, or interest in real estate described in the Complaint herein, Respondent.
No. 31683-8-II.
Court of Appeals of Washington, Division 2.
September 13, 2005.
*885 Deborah Ann Crabbe, Foster Pepper & Shefelman PLLC, Seattle, WA, for Appellant.
Michael C. Malnati, Reed Longyear Malnati & Ahrens, Seattle, WA, for Respondent.
ARMSTRONG, J.
¶ 1 Amresco Independence Funding, Inc. appeals a summary judgment dismissing its lawsuit against SPS Properties LLC. Amresco held a second position lien on real property. The first position lienholder sent a notice of nonjudicial foreclosure to Amresco's attorney but not to Amresco's address listed on the recorded deed of trust. At the foreclosure sale, SPS purchased the property. Amresco sued SPS to confirm its lien's validity. SPS cross-claimed, seeking damages for slander of title. The trial court granted SPS's motion for summary judgment, finding that Amresco had received adequate notice of the sale, and its lien was extinguished because it failed to act. We affirm.

FACTS
¶ 2 Donald and Sharlene Angeline gave Amresco Independence Funding, Inc. a promissory note for $640,200. A deed of trust to the Angeline's real property in Tacoma secured this note. Jacqueline Angeline guaranteed the promissory note. As security for her guarantee, Jacqueline Angeline gave Amresco a second position deed of trust to her real property in Puyallup. Washington Mutual already held a first position lien. Amresco recorded its deed of trust in the Pierce County records. This deed of trust listed Amresco's street address in Dallas, Texas.
*886 ¶ 3 About a year later, Donald and Sharlene defaulted. Attorney Robert West commenced a foreclosure action against both properties on Amresco's behalf in Pierce County Superior Court. During the foreclosure, Amresco recorded a lis pendens against the Puyallup property. This lis pendens shows West as Amresco's attorney with an address for West Law Offices, P.S. in Auburn. The court entered a judgment against the Angelines, and it entered a decree of foreclosure directing both properties to be sold.
¶ 4 A few months later, Northwest Trustee Services (Trustee) on behalf of Washington Mutual began a non-judicial foreclosure on the Puyallup property. The Trustee's title report showed Amresco's recent judgment and West as Amresco's attorney in the action. The Trustee recorded its notice of trustee's sale and mailed the notice to Amresco, in care of West's office in Auburn.
¶ 5 West acknowledged in deposition testimony that he received the notice; he believed his office calendared the sale date. But West did not monitor or follow up on the sale information, in part because he expected the Angelines to file for bankruptcy. Once the bankruptcy court dismissed the case, West continued Amresco's judicial foreclosure action without checking on the trustee sale. Amresco then obtained a court order directing a sheriff's sale, at which Amresco was the only bidder. On the same day as the sheriff's sale, SPS won the bidding at the trustee's sale.
¶ 6 Amresco sued, asking the court to confirm that its lien and deed of trust were still valid after the trustee's sale because it had not received notice directly from the Trustee. SPS counter-claimed for slander of title. The court granted SPS summary judgment, ruling that Amresco had sufficient actual notice through its attorney. In SPS's counterclaim, the parties stipulated to a judgment of $7,248.20 with costs of $335.05, provided SPS prevailed on appeal.

ANALYSIS

I. Standard of Review
¶ 7 We review a summary judgment de novo. Enter. Leasing, Inc. v. City of Tacoma, 139 Wash.2d 546, 551, 988 P.2d 961 (1999) (citing Fell v. Spokane Transit Auth., 128 Wash.2d 618, 625, 911 P.2d 1319 (1996)). We treat all facts and reasonable inferences from the facts in a light most favorable to the nonmoving party. Enter. Leasing, 139 Wash.2d at 551, 988 P.2d 961 (citing Reid v. Pierce County, 136 Wash.2d 195, 201, 961 P.2d 333 (1998)). Where, as here, the parties do not dispute the material facts, we will affirm summary judgment if the moving party is entitled to judgment as a matter of law. Enter. Leasing, 139 Wash.2d at 551-52, 988 P.2d 961 (citing Barnes v. McLendon, 128 Wash.2d 563, 569, 910 P.2d 469 (1996)).
¶ 8 This case focuses primarily on interpreting RCW 61.24.040. Our goal in interpreting a statute is "`to ascertain and give effect to the intent of the legislature' which is done by `first look[ing] to the plain meaning of words used in a statute.'" Enter. Leasing, 139 Wash.2d at 552, 988 P.2d 961 (quoting State v. Sweet, 138 Wash.2d 466, 477-78, 980 P.2d 1223 (1999)). When the statute's words are plain and unambiguous, we apply the statute as written. Enter. Leasing, 139 Wash.2d at 552, 988 P.2d 961 (citations omitted). If possible, we construe a statute so that no part is superfluous. City of Kent v. Beigh, 145 Wash.2d 33, 39, 32 P.3d 258 (2001) (quoting Groves v. Meyers, 35 Wash.2d 403, 407, 213 P.2d 483 (1950)).

II. Deed of Trust Act
¶ 9 The deed of trust statutes codified in chapter 61.24 RCW allow a trustee to sell a property without a judicial process. Koegel v. Prudential Mut. Sav. Bank, 51 Wash.App. 108, 111, 752 P.2d 385 (1988). Because these statutes remove many protections borrowers have under a mortgage, lenders must strictly comply with the statutes, and courts must strictly construe the statutes in the borrower's favor. Koegel, 51 Wash.App. at 111, 752 P.2d 385 (citing Queen City Sav. & Loan Ass'n v. Mannhalt, 49 Wash.App. 290, 294-95, 742 P.2d 754 (1987)).
¶ 10 Despite the strict compliance requirement, a plaintiff must show prejudice *887 before a court will set aside a trustee sale. Koegel, 51 Wash.App. at 112, 752 P.2d 385. In Koegel, the trustee's notice of default to the debtor inaccurately described the property. Koegel, 51 Wash.App. at 109, 752 P.2d 385. The trustee then sent a notice containing an accurate description less than 30 days before issuing a notice of sale, contrary to former RCW 61.24.030(6) (1988). Koegel, 51 Wash.App. at 110-11, 752 P.2d 385. The court found that the original notice listing the loan that was in arrears gave the debtor sufficient notice that the trustee would soon foreclose on the property securing that loan. Koegel, 51 Wash.App. at 112, 752 P.2d 385. In addition, the trustee had granted the debtor a series of continuances, which lessened any harm from the late notice and inaccurate legal description of the property. Koegel, 51 Wash.App. at 112, 752 P.2d 385. The court did not void the sale because the trustee's error was just a technical, formal, nonprejudicial error. Koegel, 51 Wash.App. at 113, 752 P.2d 385 (citations omitted).
¶ 11 The legislature enacted the nonjudicial foreclosure statutes to further three objectives: (1) to keep the nonjudicial foreclosure process efficient and inexpensive; (2) to provide an adequate opportunity for interested parties to prevent wrongful foreclosure; and (3) to promote the stability of land titles. Koegel, 51 Wash.App. at 113, 752 P.2d 385 (citations omitted).
¶ 12 To keep the process quick and inexpensive, yet protect all interested parties, the Act grants presale remedies for those wanting to enjoin or restrain a threatened sale. RCW 61.24.130; Koegel, 51 Wash.App. at 113-14, 752 P.2d 385 (citing Peoples Nat'l Bank of Wash. v. Ostrander, 6 Wash.App. 28, 31-32, 491 P.2d 1058 (1971)). Once the sale is completed, however, the legislature intended the purchaser to obtain possession quickly with no need for further lengthy proceedings. Koegel, 51 Wash.App. at 114, 752 P.2d 385 (citing Ostrander, 6 Wash.App. at 31-32, 491 P.2d 1058).
¶ 13 Challenging the trustee's deeds after the sale undermines the policy of land title stability. Plein v. Lackey, 149 Wash.2d 214, 227-28, 67 P.3d 1061 (2003). If trustee's deeds are easy to challenge, title insurers will not insure, secured lenders will not lend on, and buyers will not purchase real property with title obtained through a trustee's deed. Plein, 149 Wash.2d at 228 n. 5, 67 P.3d 1061.
¶ 14 To uphold these objectives, courts have declined to invalidate sales even where trustees have not complied with the statute's technical requirements. E.g., Koegel, 51 Wash.App. at 112-13, 752 P.2d 385 (upholding sale even though the notice did not accurately describe the property); Steward v. Good, 51 Wash.App. 509, 515, 754 P.2d 150 (1988) (upholding sale even though trustee did not record the notice of sale 90 days prior).

III. Notice Under RCW 61.24.040
¶ 15 Amresco argues that the Trustee failed to comply with the statutory notice provisions because the Trustee sent a notice of sale to West in Auburn, not to Amresco's Dallas address. The notice provision of the statute reads:
A deed of trust foreclosed under this chapter shall be foreclosed as follows:
(1) At least ninety days before the sale, the trustee shall:
. . .
(b) To the extent the trustee elects to foreclose its lien or interest, or the beneficiary elects to preserve its right to seek a deficiency judgment against a borrower or grantor under RCW 61.24.100(3)(a), and if their addresses are stated in a recorded instrument evidencing their interest, lien, or claim of lien, or an amendment thereto, or are otherwise known to the trustee, cause a copy of the notice of sale described in RCW 61.24.040(1)(f) to be transmitted by both first class and either certified or registered mail, return receipt requested, to the following persons or their legal representatives, if any, at such address:

(i) The borrower and grantor;
(ii) The beneficiary of any deed of trust or mortgagee of any mortgage, or any person who has a lien or claim of lien against the property, that was recorded subsequent to the recordation of the deed *888 of trust being foreclosed and before the recordation of the notice of sale;
. . .
(iv) The last holder of record of any other lien against or interest in the property that is subject to a subordination to the deed of trust being foreclosed that was recorded before the recordation of the notice of sale;
(v) The last holder of record of the lien of any judgment subordinate to the deed of trust being foreclosed;
. . .
(c) Cause a copy of the notice of sale described in RCW 61.24.040(1)(f) to be transmitted by both first class and either certified or registered mail, return receipt requested, to the plaintiff or the plaintiff's attorney of record, in any court action to foreclose a lien or other encumbrance on all or any part of the property, provided a court action is pending and a lis pendens in connection therewith is recorded in the office of the auditor of any county in which all or part of the property is located on the date the notice is recorded.
RCW 61.24.040(1)(b)(i)(ii)(iv)(v), (c) (emphasis added).
¶ 16 Amresco reasons that the phrase "at such address" in section (b) requires the Trustee to mail notices to parties or their legal representatives at the address in the recorded instruments. We disagree. The statute allows a foreclosing lienholder to serve notice on either the persons described in sub-parts (i) through (v) OR their legal representatives. And the statute allows a trustee to serve the necessary parties either at the addresses contained in the recorded instruments or addresses "otherwise known to the trustee." Thus, the Trustee can serve a lienholder at its address in the recorded documents or the Trustee can serve the lienholder's legal representative at an address otherwise known to the Trustee. Moreover, requiring the Trustee to serve the legal representative at the lienholder's address could easily prevent the lienholder from receiving actual notice. Here, under Amresco's argument, the Trustee should have served West both at his Auburn office and at Amresco's Dallas address. This mixing of names and addresses could result in the notice not being actually delivered to either Amresco or West.
¶ 17 Amresco also argues that notice under part (c) to an attorney of record in a court action does not satisfy the obligation under part (b) to notify the holder of a lien or a deed of trust. As we have explained, however, the Trustee's notice to Amresco's attorney satisfied the notice requirements of (b).
¶ 18 We hold that notice to an interest holder's legal representative at the representative's address fulfills the statute's notice requirement. Because the Trustee fully complied with the statute and Amresco did not act to preserve its lien, the trial court properly granted summary judgment to SPS. E.g., Plein, 149 Wash.2d at 229, 67 P.3d 1061; Woolworth v. Micol Land Co., 55 Wash.App. 671, 680, 780 P.2d 264 (1989).

IV. Costs and Attorney Fees
¶ 19 SPS seeks attorney fees and costs on appeal. Attorney fees and other legal costs incurred in clearing a slandered title are recoverable as damages. Rorvig v. Douglas, 123 Wash.2d 854, 861, 873 P.2d 492 (1994). Because we affirm the summary judgment, the stipulated judgment stands. SPS is also entitled to recover attorney fees and costs incurred on appeal in an amount to be set by a commissioner of this court upon compliance with RAP 18.1.
¶ 20 Affirmed.
We concur: MORGAN, P.J., and HUNT, J.