[No. 24550-1-III.  Division Three.  April 19, 2007.]

CHD, INC., *Appellant*, v. VIRGINIA BOYLES ET AL., *Respondents.*

132

*Timothy W. Durkop*, for appellant.
*Darwin D. Grewe*, for respondents.

¶1 SCHULTHEIS, J. — A party waives the right to contest the underlying obligations on property in a foreclosure proceeding when there is no attempt to use the presale remedies in RCW 61.24.130. *In re Marriage of Kaseburg*, 126 Wn. App. 546, 558, 108 P.3d 1278 (2005). Virginia Boyles sought a nonjudicial foreclosure on a trust deed granted by CHD, Inc., to secure a promissory note. After receiving notice but before the trustee sale, CHD brought a declaratory action to contest the underlying debt based on a statute of limitations defense. CHD did not attempt to enjoin the sale. Ms. Boyles proceeded with the trust sale. Both parties filed summary judgment motions. The trial court granted Ms. Boyles' motion for summary dismissal.

¶2 CHD asserts on appeal that even though it did not seek to enjoin the sale as required by statute, it may still litigate its statute of limitations defense through a claim for the proceeds from the trustee sale. We conclude that CHD waived its right to raise the statute of limitations defense on the underlying obligation when it did not attempt to employ the presale remedies under RCW 61.24.130. We therefore affirm.

## FACTS

¶3 On March 14, 1996, Donald Boyles, Ms. Boyles' husband, extended financing to CHD, Inc., owned by Wesley Crosby, a business associate of Mr. Boyles. CHD signed a 360-day note for $130,000 plus interest at the rate of 12 percent per annum. The note was secured by a deed of trust encumbering undeveloped real estate in the city of Spokane Valley on 12th Avenue. Mr. Crosby planned a residential development on the property.

¶4 CHD did not pay the note when it became due in the spring of 1997. Mr. Boyles passed away in the fall of 1997.

Ms. Boyles enlisted the assistance of a family friend, Edward Vance, to contact Mr. Crosby about the obligation in 1999. Mr. Vance had several conversations with Mr. Crosby on Ms. Boyles' behalf in which Mr. Crosby assured that payment would be made. Mr. Crosby was encountering difficulty obtaining county approval for his development projects. These conversations and assurances continued through 2000. At Mr. Vance's urging, Mr. Crosby personally called Ms. Boyles and assured her that payment was forthcoming and asked for her forbearance. In April 2001, Mr. Crosby also assured her legal counsel, Robert McKanna, that the obligation would be paid.

¶5 In July 2002, Ms. Boyles received notice that CHD had filed a petition in bankruptcy court for chapter 11 reorganization. Mr. McKanna prepared a claim on her behalf. She received disclosure statements and proposed reorganization plans from the bankruptcy court, all of which showed the obligation owed to her, which was secured by the 12th Avenue property. In May 2003, Ms. Boyles received notice of the dismissal of CHD's bankruptcy proceeding.

¶6 On September 18, 2003, CHD filed a second chapter 11 proceeding. Again, CHD listed Ms. Boyles as a secured creditor. On October 16, Ms. Boyles filed a motion for relief from the statutory bankruptcy stay, which was granted, unopposed, on November 6. In various documents filed with the bankruptcy court and received by Ms. Boyles, CHD acknowledged the obligation and represented that the bankrupt estate had abandoned the property to allow Ms. Boyles to exercise state law remedies to foreclose the deed of trust.

¶7 On May 12, 2004, Ms. Boyles initiated a nonjudicial foreclosure. The notice of foreclosure set the trustee sale for September 24.

¶8 On September 23, 2004, CHD filed a declaratory action and recorded a lis pendens. The trustee continued the sale several times, anticipating that CHD would enjoin the sale. On January 19, 2005, a successor trustee was

appointed who sold the property on January 21 to Ms. Boyles, the successful bidder.

¶9 On February 11, 2005, CHD brought a summary judgment motion for a declaratory judgment, asserting that the trustee sale was barred by the six-year statute of limitations on contracts. Ms. Boyles opposed the motion and brought one of her own, seeking summary dismissal of CHD's action. She asserted that because CHD failed to commence its action and seek an order restraining the trustee sale as required by RCW 61.24.130, it waived any challenge to the sale. The trial court denied CHD's summary judgment motion and granted Ms. Boyles' motion for summary dismissal. Ms. Boyles was granted $7,500.00 of the $16,813.10 she claimed in attorney fees.

## DISCUSSION

¶10 When reviewing an order of summary judgment, this court engages in the same inquiry as the trial court. RAP 9.12; *Hiatt v. Walker Chevrolet Co.*, 120 Wn.2d 57, 65, 837 P.2d 618 (1992); *Wilson v. Steinbach*, 98 Wn.2d 434, 437, 656 P.2d 1030 (1982). Summary judgment is appropriate only if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

¶11 The parties present argument for and against the expiration of the statute of limitations to support their respective positions. But the expiration of the statute of limitations need not be decided. To determine whether Ms. Boyles was entitled to judgment as a matter of law, we need only to conclude that CHD failed to contest the trustee sale as required by RCW 61.24.130. And we do.

¶12 "The deeds of trust act sets out the procedures that must be followed to properly foreclose a debt secured by a deed of trust." *Kaseburg*, 126 Wn. App. at 558 (citing ch. 61.24 RCW). A properly executed "foreclosure action extinguishes the debt and transfers title to the property to the beneficiary of the deed of trust or to the successful

bidder at the public foreclosure sale." *Id.* (citing RCW 61-.24.100).

¶13 Since the statutes allowing for nonjudicial foreclosure dispense with many protections commonly enjoyed by borrowers, "lenders must strictly comply with the statutes, and courts must strictly construe the statutes in the borrower's favor." *Amresco Independence Funding, Inc. v. SPS Props., LLC*, 129 Wn. App. 532, 537, 119 P.3d 884 (2005). RCW 61.24.040 sets forth the procedural requirements for a nonjudicial foreclosure on a trust deed, including the contents for a notice of trustee's sale. A paragraph of the statutory notice reads:

> Anyone having any objection to the sale on any grounds whatsoever will be afforded an opportunity to be heard as to those objections if they bring a lawsuit to restrain the sale pursuant to RCW 61.24.130. Failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale.

RCW 61.24.040(1)(f)(IX). The sole method to contest and enjoin a foreclosure sale is to file an action to enjoin or restrain the sale in accordance with RCW 61.24.130. *Kaseburg*, 126 Wn. App. at 558.

¶14 Waiver will result when a party (1) receives notice of the right to enjoin the sale, (2) has actual or constructive knowledge of a defense to foreclosure before the sale, and (3) fails to bring an action to obtain a court order enjoining the sale. *Plein v. Lackey*, 149 Wn.2d 214, 227, 67 P.3d 1061 (2003); *Koegel v. Prudential Mut. Sav. Bank*, 51 Wn. App. 108, 114, 752 P.2d 385 (1988). "[T]he statutory notices of foreclosure and trustee's sale will usually be sufficient." *Country Express Stores, Inc. v. Sims*, 87 Wn. App. 741, 751, 943 P.2d 374 (1997) (citing *Koegel*, 51 Wn. App. at 114).

¶15 CHD concedes that the "appropriate notices were given" by Ms. Boyles and that "[t]he procedural aspect of the actual sale was proper." Appellant's Br. at 12. The record shows that the notice CHD was given included the statutory passage warning of waiver. CHD does not assert

that it lacked knowledge of the defense. Nor could it claim lack of knowledge. Although it filed a declaratory action regarding the statute of limitations defense, it did not seek to enjoin the sale.

¶16 CHD does not dispute that it failed to attempt to enjoin the sale under RCW 61.24.130. CHD's declaratory action does not seek to postpone the sale in any manner. It requests "[a] declaratory judgment stating that the present non-judicial action is barred by the statute of limitations as allowed by RCW 7.24.020 [the declaratory judgment statute]." Clerk's Papers (CP) at 5. The lis pendens warns of a purported pending action "to postpone the trustee sale and for declaratory relief." CP at 25. Our Supreme Court has held that a complaint for a permanent injunction was insufficient under the statute. *Plein*, 149 Wn.2d at 226-27. CHD employed inadequate methods to restrain the sale by filing its declaratory action and lis pendens.[1]

¶17 CHD contends, however, that it was entitled to litigate its claim to the proceeds of the sale. It reasons that under RCW 61.24.080, which sets forth how the trustee shall apply the proceeds of the sale, the trustee had a fiduciary duty to deposit funds with the court as surplus because the trustee knew from CHD's declaratory action that Ms. Boyles was entitled to none of the proceeds as her nonjudicial foreclosure was time-barred. CHD provides no authority for its argument. Even so, the argument is based on unsustainable premises.

¶18 A debt is not extinguished by the expiration of the statute of limitations on its remedy for enforcement of the contract. *Jordan v. Bergsma*, 63 Wn. App. 825, 828-29, 822 P.2d 319 (1992). Similarly, the trust deed securing the obligation is voidable, not void, upon the expiration of the contract's statute of limitation. *Id.* at 831. Thus, CHD's debt was not extinguished and power of sale was merely subject

---

[1] *But see Koegel*, 51 Wn. App. at 116 (stating in dicta, "Appellant had a spectrum of potential legal remedies available to forestall the sale ranging from declaring bankruptcy, filing suit with a lis pendens, curing the default, seeking an injunction in conjunction with a motion to shorten time, or appearing at the sale").

to challenge—as provided for in the statute. And that challenge is subject to waiver—also noted in the statute.

¶19 CHD argues that it need not restrain the sale under the trust deed in order to claim the proceeds. But in order to prevail on its claim for the proceeds, CHD would need to litigate the statute of limitations defense, which challenges the underlying debt. CHD would then interpret RCW 61.24.130 to apply only to challenges to the process involved in the sale. This is not a sensible construction. The basis for a procedural challenge would not ordinarily become apparent until after the sale.

¶20 A party can contest the procedures of a sale in a postsale action. *Cox v. Helenius*, 103 Wn.2d 383, 388, 693 P.2d 683 (1985). But "[a] person waives the right to contest the *underlying obligations* on the property in foreclosure proceedings when there is no attempt to employ the presale remedies under RCW 61.24.130." *Kaseburg*, 126 Wn. App. at 558 (emphasis added) (citing *Steward v. Good*, 51 Wn. App. 509, 515-17, 754 P.2d 150 (1988); *Olsen v. Pesarik*, 118 Wn. App. 688, 693, 77 P.3d 385 (2003)).

¶21 Moreover, CHD's proposed postsale action to contest the underlying debt is not compatible with the objectives of the deed of trust act, which are (1) that the nonjudicial foreclosure process should be efficient and inexpensive, (2) that the process should result in interested parties having an adequate opportunity to prevent wrongful foreclosure, and (3) that the process should promote stability of land titles. *Plein*, 149 Wn.2d at 227-28; *Cox*, 103 Wn.2d at 387.

¶22 On the other hand, an injunction would have afforded CHD an adequate opportunity to prevent a wrongful foreclosure while ensuring Ms. Boyles an efficient and inexpensive foreclosure process and promoting the stability of land titles. To allow CHD to assert its defense at this stage would defeat the spirit and intent of the trust deed act. *Peoples Nat'l Bank v. Ostrander*, 6 Wn. App. 28, 32, 491 P.2d 1058 (1971). The trial court properly found that CHD waived its statute of limitations defense.

¶23 CHD also contends that the trial court erred by awarding attorney fees. It argues that Ms. Boyles made an irrevocable election of remedies when she opted to pursue a nonjudicial foreclosure, so she may not claim attorney fees in the judicial action. CHD relies on *McKown v. Driver*, 54 Wn.2d 46, 337 P.2d 1068 (1959), from which it quotes the following language:

> One is bound by an election of remedies when all of the three essential conditions are present: (1) the existence of two or more remedies at the time of the election; (2) inconsistency between such remedies; and (3) a choice of one of them.

*Id.* at 55. In the next sentence, the court said, "The prosecution to final judgment of any one of the remedies constitutes a bar to the others." *Id.*

¶24 The election of remedies rule has a narrow scope, its sole purpose being the prevention of double redress for a single wrong. *Lange v. Town of Woodway*, 79 Wn.2d 45, 49, 483 P.2d 116 (1971). The rule does not apply here. Ms. Boyles chose a nonjudicial foreclosure, but she was compelled to defend the nonjudicial foreclosure in a declaratory action because CHD did not comply with the statute to contest the sale.

¶25 RCW 4.84.330 provides that a contract containing an attorney fee provision entitles the prevailing party in an enforcement action to recover reasonable attorney fees and costs. In the deed of trust, CHD agreed "To pay all costs, fees and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured hereby and Trustee's and attorney's fees actually incurred, as provided by statute." Ex. 1, at 2, ¶ 5.

¶26 The language of RCW 4.84.330 is mandatory; it does not allow for an exercise of discretion in deciding whether to award fees. The only discretion is as to the amount. *Farm Credit Bank of Spokane v. Tucker*, 62 Wn. App. 196, 207, 813 P.2d 619 (1991). The contract containing the attorney fees provision must be central to the controversy.

*Hemenway v. Miller*, 116 Wn.2d 725, 742, 807 P.2d 863 (1991). CHD does not dispute the amount awarded—which was reduced by more than half of the amount by the trial court—or the connection between the contract and the controversy. The court did not err in awarding attorney fees to Ms. Boyles.

¶27 Ms. Boyles seeks attorney fees on appeal, which CHD does not oppose. Authority for awarding attorney fees at trial also supports an award of attorney fees on appeal under RAP 18.1. *Equitable Life Leasing Corp. v. Cedarbrook, Inc.*, 52 Wn. App. 497, 506, 761 P.2d 77 (1988). Ms. Boyles is awarded attorney fees on appeal.

## CONCLUSION

¶28 We affirm the trial court's summary dismissal and award of attorney fees to Ms. Boyles. We award reasonable attorney fees to Ms. Boyles subject to her compliance with RAP 18.1(d). Finally, we remind the parties to release the lis pendens.

SWEENEY, C.J., and BROWN, J., concur.

Review denied at 162 Wn.2d 1022 (2008).