**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MARISA BAVAND, | No. 13-35344 |
| Plaintiff - Appellant, | D.C. No. 2:12-cv-00254-JLR |
| v. | |
| ONEWEST BANK, FSB, a federally chartered savings bank; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted October 6, 2014
Seattle, Washington

Before:  PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

Marisa Bavand appeals the district court's grant of summary judgment.[1]

Bavand claims that defendants—OneWest Bank, FSB (OneWest); Mortgage

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[1]  The district court dismissed all of Bavand's claims except her claim under the Washington Consumer Protection Act. The district court remanded that claim to state court, and that remand has not been appealed.

Electronic Registration Systems, Inc. (MERS); and Northwest Trustee Services, Inc. (NWTS)—violated the Washington Deed of Trust Act (DTA) and the federal Fair Debt Collection Practices Act (FDCPA).[2]  By failing to discuss the merits of the FDCPA claim in her opening brief, Bavand abandoned that claim, *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986), so only her DTA claim remains.

Bavand makes three primary arguments that defendants violated the DTA: (1) OneWest was not the true and lawful owner of Bavand's promissory note (or of the deed of trust securing that note), so OneWest could not act as the note's beneficiary by conducting foreclosure proceedings; (2) MERS was an improper beneficiary and acted unlawfully in that capacity by assigning all of its beneficiary interest to OneWest; and (3) NWTS violated its fiduciary duty of good faith by sending Bavand a false and misleading notice of default.  We reject these arguments and affirm the district court's grant of defendants' motion for summary judgment.

**1.**  OneWest is the lawful beneficiary of Bavand's promissory note because OneWest is the note's holder.  The DTA defines a beneficiary as "the holder of the

---

[2]  Bavand also initially claimed that the district court erred in dismissing her quiet title action, but counsel conceded during oral argument that her quiet title claim is not viable.  Thus, we do not address the merits of that claim.

instrument or document evidencing the obligations secured by the deed of trust." Wash. Rev. Code § 61.24.005(2). The relevant question under Washington law is therefore not, as Bavand asserts, whether OneWest is the note's *owner*; instead, the key question is whether OneWest is the note's *holder*. *See Bain v. Metro. Mortg. Grp., Inc.*, 285 P. 3d 34, 44 (Wash. 2012). The right to enforce the note and any instrument securing the note's repayment also passes with the note. *See id.*; *In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 784 (9th Cir. 2014) (citing *Carpenter v. Longan*, 83 U.S. 271 (1872)).

Here, the original deed of trust listed MERS as the beneficiary. OneWest took possession of the original promissory note and the deed of trust on March 19, 2009, so OneWest was the note's holder during the foreclosure period in 2011. It follows that OneWest was the party entitled to initiate non-judicial foreclosure proceedings. *See Bain*, 285 P.3d at 36. Bavand argues that OneWest's possession of the note is a fact in dispute, but she fails to produce any evidence to support her claim or to contest OneWest's representative Charles Boyle's affidavit, declaring that OneWest currently possesses the original note and deed of trust.

**2.** Bavand argues that MERS violated the DTA by acting as a beneficiary in its own right when it assigned all of its beneficiary interest to OneWest. She is incorrect. Granted, in *Bain v. Metropolitan Mortgage Group, Inc.* the Washington

3

Supreme Court held that MERS cannot act as a beneficiary in its own right under the DTA "if it never held the promissory note." But here, MERS did not seek to foreclose in its own name, nor did it violate the DTA by acting as a holder or a beneficiary in its own right. Rather, OneWest, the indisputable current holder of both the promissory note and the deed of trust, is the entity seeking to foreclose. Even if MERS's assignment had defects, OneWest's authority to appoint a trustee did not stem from MERS's purported assignment. Therefore, Bavand failed to raise any genuine issue of material fact that she is entitled to relief from MERS's alleged violation of the DTA.

**3.** NWTS does not have a fiduciary duty to Bavand under the DTA,[3] and NWTS did not violate its "duty of good faith" in its capacity as trustee. Wash. Rev. Code § 61.24.010(4). Bavand claims that NWTS violated its DTA duty of good faith by failing to obtain sufficient proof that OneWest was the promissory note's owner and by mistakenly naming OneWest as owner and omitting Freddie Mac as owner in the notice of default. Both of Bavand's claims fail.

---

[3] The provision of the DTA that Bavand claims NWTS has violated expressly states that "[t]he trustee or successor trustee shall have no fiduciary duty or fiduciary obligation to the grantor or other persons having an interest in the property subject to the deed of trust." RCW § 61.24.010(3).

4

First, the DTA obligates trustees to obtain "proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust," but "[a] declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof." Wash. Rev. Code § 61.24.030(7)(a). Here, NWTS complied with its obligation under the statute when it relied on OneWest's declaration under penalty of perjury stating that OneWest was the note's beneficiary and holder.

Second, Washington state courts have required the borrower to show prejudice before they will set aside a trustee's foreclosure sale in the face of allegations of technical errors. *See Amresco Independence Funding, Inc. v. SPS Properties, LLC*, 119 P.3d 884, 886–87 (Wash. Ct. App. 2005). Here, even if Bavand is correct in her assertion that NWTS should have listed Freddie Mac as an owner and not OneWest under Wash. Rev. Code § 61.24.030(8)(l)—which requires trustees to provide "the name and address of the owner of any promissory notes" in the notice of default—these notations were not prejudicial to Bavand. The notice of default provided all the necessary information to Bavand by identifying OneWest as the foreclosing party, and any technical, non-prejudicial issues should not bar foreclosure proceedings.

5

Finally, Bavand conceded at oral argument that *Frias v. Asset Foreclosure Servs., Inc.*, No. 89343-8, 2014 WL 4648173 (Wash. Sept. 18, 2014), foreclosed her DTA claims to the extent she seeks damages as there is no completed trustee sale.

**AFFIRMED.**