# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

DANIEL J. WATSON and KETWARIN
ONNUM, husband and wife,

        Respondents,

    v.

NORTHWEST TRUSTEE SERVICES,
INC.,

        Petitioner,

CITIMORTGAGE, INC.; NATIONAL
LEGAL HELP CENTER, INC.; and
JOHN DOES 1-10,

        Defendants.

No. 69352-2-I

DIVISION ONE

ORDER GRANTING MOTION
TO PUBLISH OPINION

The respondents, Daniel J. Watson and Ketwarin Onnum, having filed a motion to publish opinion, and the hearing panel having reconsidered its prior determination and finding that the opinion will be of precedential value; now, therefore it is hereby:

ORDERED that the unpublished opinion filed January 21, 2014, shall be published and printed in the Washington Appellate Reports.

DATED this 18th day of March, 2014.

For the Court:

_____
Judge


# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| DANIEL J. WATSON and KETWARIN ONNUM, husband and wife,<br><br>Respondents,<br><br>v.<br><br>NORTHWEST TRUSTEE SERVICES, INC.,<br><br>Petitioner,<br><br>CITIMORTGAGE, INC.; NATIONAL LEGAL HELP CENTER, INC.; and JOHN DOES 1-10,<br><br>Defendants. | No. 69352-2-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION<br><br>FILED: January 21, 2014 |

LEACH, C.J. — Northwest Trustee Services Inc. (NWTS) seeks discretionary review of the superior court's denial of NWTS's motion for summary dismissal of the claim by Daniel Watson and Ketwarin Onnum (the Watsons) for damages allegedly caused by NWTS's breach of the foreclosure fairness act, chapter 61.24 RCW (FFA). The Watsons cross petition, seeking review of the superior court's dismissal of their claims under the Consumer Protection Act, chapter 19.86 RCW (CPA). Because the trial court committed probable error and substantially altered the status quo when it dismissed the Watsons' CPA claims, we grant the Watsons' petition and reverse the trial court's decision. Because the trial court did not commit error when it denied NWTS's

motion for summary dismissal of the Watsons' FFA claims, we deny NWTS's petition.

Background

In April 2003, Daniel Watson and his wife, Ketwarin Onnum, financed the purchase of a home by executing a promissory note payable to ABN AMRO Mortgage Inc. and a companion deed of trust. Through various mergers and business transactions, CitiMortgage acquired the note and a beneficial interest under the deed of trust. It later appointed NWTS as successor trustee.

On February 5, 2011, NWTS sent the Watsons a notice of default. On March 22, 2011, NWTS recorded a notice of trustee's sale, with the sale scheduled for June 24, 2011. On June 20, 2011, the Watsons filed for bankruptcy, which caused the trustee sale to be postponed and then canceled.

On July 22, 2011, the FFA amended the deeds of trust act, chapter 61.24 RCW (DTA).[1] Among other changes, the FFA changed the requirements for preforeclosure notice[2] and allowed recovery of damages for violations of the CPA.[3]

On September 22, 2011, the bankruptcy court discharged the Watsons' debts, including the note. On November 8, 2011, NWTS recorded an amended notice of trustee's sale, with a new sale date of December 23, 2011. NWTS mailed a copy of the notice by certified and first class mail to the Watsons and

---

[1] RCW 61.24.005-.177 (Laws of 2011, ch. 364, § 3).
[2] RCW 61.24.030, .031, .040.
[3] RCW 61.24.135.

posted a copy of the notice at the premises. NWTS did not send a new notice of default or otherwise contact the Watsons before recording this notice.[4] A third party purchased the Watsons' house at a trustee's sale on December 23, 2011. The trustee's deed recorded by NWTS on January 10, 2012, referred to the March 22, 2011, notice of trustee's sale, which described the notice of the sale that was ultimately canceled, but did not mention the notice recorded November 8, 2011.

The Watsons filed a lawsuit against NWTS and CitiMortgage, alleging wrongful foreclosure and to quiet title. They later amended the complaint to include additional claims for violation of the CPA. The amended complaint also added National Legal Help Center as a defendant. NWTS and CitiMortgage filed an amended joint motion for summary judgment. The court dismissed all claims against CitiMortage and requested additional briefing on the claims against NWTS, which the parties provided. The trial court dismissed the Watsons' CPA claim, but not their claim for wrongful foreclosure for failure to comply with the FFA.

Both NWTS and the Watsons seek discretionary review.

Analysis

Discretionary review is available in the following circumstances:

_____

[4] The Watsons attempted to seek legal help by contacting a California entity called the "National Legal Help Center," but this entity is apparently not an attorney or counsel approved by HUD (U.S. Department of Housing and Urban Development), and contrary to its representations to the Watsons, it did not stop the foreclosure.

(1) The superior court has committed an obvious error which would render further proceedings useless;

(2) The superior court has committed probable error and the decision of the superior court substantially alters the status quo or substantially limits the freedom of a party to act;

(3) The superior court has so far departed from the accepted and usual course of judicial proceedings, or so far sanctioned such a departure by an inferior court or administrative agency, as to call for review by the appellate court; or

(4) The superior court has certified, or all the parties to the litigation have stipulated, that the order involves a controlling question of law as to which there is substantial ground for a difference of opinion and that immediate review of the order may materially advance the ultimate termination of the litigation.[5]

NWTS contends that by denying its motion for summary judgment as to the wrongful foreclosure claim, the trial court "committed an obvious error which would render further proceedings useless." The Watsons argue that the court committed error warranting review by dismissing their CPA claims.

Wrongful Foreclosure under the FFA

The trial court denied NWTS's motion to dismiss the Watsons' wrongful foreclosure claims on two alternative grounds. First, the court ruled that the FFA is a remedial statute and, as such, should be applied retroactively. Alternatively, the trial court ruled that it did not need to apply the FFA retroactively because the "precipitating event" triggering the statute's application was not the February 2011 notice of default but the amended notice of trustee's sale, recorded in November 2011, after the effective date of the FFA.

---

[5] RAP 2.3(b).

Courts presume that statutory amendments operate prospectively and generally disfavor retroactive application because "'individuals should have an opportunity to know what the law is and to conform their conduct accordingly.'"[6] A statute applies retroactively if it changes the legal effect of "'prior facts or transactions'"[7] or "'attaches new legal consequences to events completed before its enactment.'"[8] But a statute does not apply retroactively "merely because it is applied in a case arising from conduct antedating the statute's enactment or upsets expectations based in prior law."[9] "A statute operates prospectively when the precipitating event for operation of the statute occurs after enactment, even when the precipitating event originated in a situation existing prior to enactment."[10]

NWTS argues that under the FFA, the preforeclosure requirements are linked to the original notice of default sent in February 2011, before the FFA took effect. NWTS contends that the process that culminated in the trustee's sale was one continuous transaction. Therefore the trial court erred by applying the July 2011 FFA amendments to the sale process.

---

[6] Loeffelholz v. Univ. of Wash., 175 Wn.2d 264, 272, 285 P.3d 854 (2012) (quoting Landgraf v. USI Film Prods., 511 U.S. 244, 265, 114 S. Ct. 1483, 128 L. Ed. 2d 229 (1994)); In re Pers. Restraint of Flint, 174 Wn.2d 539, 546, 277 P.3d 657 (2012).

[7] Flint, 174 Wn.2d at 547 (internal quotation marks omitted) (quoting State v. Varga, 151 Wn.2d 179, 195, 86 P.3d 139 (2004)).

[8] Flint, 174 Wn.2d at 548 (internal quotation marks omitted) (quoting State v. Pillatos, 159 Wn.2d 459, 471, 150 P.3d 1130 (2007)).

[9] Landgraf, 511 U.S. at 269 (citation omitted).

[10] In re Estate of Burns, 131 Wn.2d 104, 110-11, 928 P.2d 1094 (1997).

Because the DTA eliminates many protections enjoyed by borrowers under judicial foreclosures, "lenders must strictly comply with the statutes and courts must strictly construe the statutes in the borrower's favor."[11] Under the FFA it "shall be requisite to a trustee's sale" that a written notice of default containing specific information set forth in the statute first be transmitted by the beneficiary or the trustee to the borrower.[12] A trustee, beneficiary, or authorized agent may not issue this notice of default until 30 days after satisfying certain due diligence requirements.[13] The beneficiary or agent first must send a letter that includes information such as the borrower's right to meet with a HUD-approved housing counselor or attorney who can help with mediation, assist in arranging a meeting with the lender, or work toward a resolution such as a loan modification.[14] This "Pre-Foreclosure Options Letter" or a "Notice of Pre-Foreclosure Options" must provide toll-free numbers to help borrowers find HUD-approved housing counselors or civil legal aid resources.[15]

Where the filing of a bankruptcy court petition has stayed a trustee's sale, the trustee may set and give notice of a new sale date not less than 45 days after the date of the bankruptcy court order permitting the sale.[16] RCW 61.24.130(5) through (6) allow a trustee's sale "on any date to which such sale has been

---

[11] Albice v. Premier Mortg. Servs. of Wash., Inc., 174 Wn.2d 560, 567, 276 P.3d 1277 (2012).
[12] RCW 61.24.030(8).
[13] RCW 61.24.031(1)(a), (5).
[14] RCW 61.24.031(1)(c)(iii), (iv), (f), (2)-(4).
[15] RCW 61.24.031(1)(c)(ii).
[16] RCW 61.24.130(4).

properly continued in accordance with RCW 61.24.040(6)." This statute allows a trustee to continue the sale for a period or periods not exceeding a total of 120 days.[17]

NWTS claims its original March 22, 2011, notice of trustee's sale fulfilled its obligations under the DTA. But this notice described a sale scheduled for June 24, 2011. NWTS first continued and ultimately canceled this sale. RCW 61.24.040(6) allowed continuance of the June 24, 2011, sale date for no more than 120 days, or until October 22, 2011.[18] After that date, the DTA required a new notice. Therefore, although NWTS labeled its second notice an "amended" notice of trustee's sale, this notice necessarily scheduled a new sale. Because NWTS recorded the "amended" notice in November 2011, the notice requirements of the FFA applied.

Because NWTS failed to comply with the FFA's notice requirements before recording its November 2011 notice of trustee's sale, the Watsons have demonstrated issues of material fact regarding the lawfulness of NWTS's nonjudicial sale of the Watsons' property. NWTS has failed to establish grounds for discretionary review. We dismiss its petition for review.

Violation of the CPA

We next address the Watsons' petition for review. Because the trial court committed probable error and substantially altered the status quo when it

---

[17] RCW 61.24.040(6).
[18] See Rouse v. Wells Fargo Bank, N.A., No. C13-5706, 2013 WL 5488817, at *2 (W.D. Wash. Oct. 2, 2013).

dismissed the Watsons' CPA claims, we grant the Watsons' petition and reverse the trial court's dismissal of this claim.

The FFA states in a section added in 2011,

> It is an unfair or deceptive act in trade or commerce and an unfair method of competition in violation of the consumer protection act, chapter 19.86 RCW, for any person or entity to: (a) Violate the duty of good faith under RCW 61.24.163; (b) fail to comply with the requirements of RCW 61.24.174; or (c) fail to initiate contact with a borrower and exercise due diligence as required under RCW 61.24.031.[19]

Relying on its retroactivity analysis, the trial court ruled that "creation of a new cause of action (a per se violation of the Consumer Protection Act) affects a substantive right and therefore the FFA is not retroactive with respect to the Consumer Protection Act claim." Because we conclude that the FFA applied to NWTS's November 2011 notice, we also conclude that the FFA provisions addressing the CPA apply. The trial court erred and substantially altered the status quo when it dismissed the Watsons' CPA claims. We reverse the trial court's dismissal of the Watsons' CPA claims and remand for further proceedings.

## Conclusion

Because the trial court did not commit error when it denied NWTS's motion for summary dismissal of the Watsons' FFA claims, we deny NWTS's petition. Because the trial court committed probable error and substantially altered the status quo when it dismissed the Watsons' CPA claims, we grant the

---

[19] RCW 61.24.135(2) (LAWS of 2011, ch. 58, §14).

Watsons' petition, reverse the trial court's dismissal of their CPA claims, and remand for further proceedings consistent with this opinion.

_Leach, C. J._

WE CONCUR:

_Spearman, J._          _Appelwick, J._