2015 JUN 29 AM 10: 19

COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| WILLIAM LEAHY and SHALAWN LEAHY, husband and wife, ) ) ) | No. 72065-1-I |
| Appellants, ) ) | DIVISION ONE |
| v. ) ) | |
| QUALITY LOAN SERVICE CORPORA- ) TION OF WASHINGTON; ) ) | |
| Respondent, ) ) | |
| BANK OF AMERICA, NA as successors ) by Merger to LaSalle Bank, NA as ) trustee for WaMu Mortgage Pass- ) Through Certificates Series 2006-AR15 ) Trust, ) ) | UNPUBLISHED OPINION FILED: June 29, 2015 |
| Defendants. ) ) | |

BECKER, J. — Appellants lost their property in a nonjudicial foreclosure that occurred after the trustee's sale had been rescheduled several times. They argue that the trustee's sale must be invalidated on two grounds: that the trustee failed to send out a new notice of default before each new notice of trustee's sale, and that the notice of default omitted several pieces of statutorily required information. We reject both arguments. The trial court did not err in granting summary judgment for the lender.

In September 2006, William and Shalawn Leahy obtained a $320,000 loan from Washington Mutual Bank. The Leahys executed a promissory note and deed of trust, securing the loan against a residential property located in Seattle, Washington.

In 2008, JP Morgan Chase Bank bought the Leahy loan.

On March 1, 2009, the Leahys fell into default on the loan.

On April 9, 2010, Quality Loan Service Corporation of Washington transmitted to the Leahys a notice of default on behalf of Chase.

On July 14, 2010, Quality Loan issued a notice of trustee's sale. This notice set an October 22, 2010, sale date. The sale did not occur.

On July 11, 2012, Quality Loan issued a second notice of trustee's sale. On September 26, 2012, this sale was discontinued.

On September 18, 2012, Quality Loan issued a third notice of trustee's sale. The sale date was January 18, 2013.

On January 16, 2013, the Leahys filed suit against Quality Loan. Although the Leahy's complaint is not in our record, Quality Loan's motion indicates that the Leahys asserted violations of the Consumer Protection Act, chapter 19.86 RCW, and intentional infliction of emotional distress and that they asked for a temporary restraining order to stop the sale. The Leahys did not obtain an order restraining the sale. Later, the Leahys amended their complaint to add a claim for violation of the deed of trust act, chapter 61.24 RCW.

On January 18, 2013, the property was sold to a third party at the trustee's sale.

On March 18, 2014, Quality Loan moved for summary judgment. On April 28, 2014, the superior court granted the motion.

The Leahys appeal. They ask this court to reverse the order granting summary judgment and to reinstate their claim that violations of the deed of trust act invalidated the sale.

This court reviews an order granting summary judgment de novo, performing the same inquiry as the trial court. Owen v. Burlington N. & Santa Fe R.R. Co., 153 Wn.2d 780, 787, 108 P.3d 1220 (2005). A motion for summary judgment will be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). The nonmoving party may not rely on speculation, argumentative assertions that unresolved factual issues remain, or on having its affidavits considered at face value. Wash. Fed. Sav. v. Klein, 177 Wn. App. 22, 311 P.3d 53 (2013), review denied, 179 Wn.2d 1019 (2014).

## REQUIRED NOTICES

The Leahys contend that Quality Loan violated the deed of trust act by failing to send a new notice of default before each new notice of trustee's sale.

No such requirement exists in the act. Prerequisites to a trustee's sale that make an obligation eligible for nonjudicial foreclosure are set forth in RCW 61.24.030. Relevant here is the requirement that a written notice of default containing certain information be transmitted to the borrower at least 30 days before the notice of sale is recorded.

(8) That at least thirty days before notice of sale shall be recorded, transmitted or served, written notice of default shall be

3

transmitted by the beneficiary or trustee to the borrower and grantor at their last known addresses by both first-class and either registered or certified mail, return receipt requested, and the beneficiary or trustee shall cause to be posted in a conspicuous place on the premises, a copy of the notice, or personally served on the borrower and grantor.

RCW 61.24.030(8).

After issuing a notice of default, a trustee must record a notice of sale specifying the date, time, and location of the sale, along with other statutorily-outlined information. RCW 61.24.040(1). The trustee may postpone the sale for up to 120 days from the date provided in the notice of sale without issuing a new notice. RCW 61.24.040(6). If the sale is not held within 120 days from the date provided in the notice of sale, a new notice of sale is required. RCW 61.24.040(6); Albice v. Premier Mortg. Servs. of Wash., Inc., 174 Wn.2d 560, 568, 276 P.3d 1277 (2012).

The plain language of RCW 61.24.030(8) requires only that a notice of default be transmitted to the borrower at least 30 days before the notice of sale is recorded. Here, that requirement was met. The notice of default was transmitted to the Leahys on April 9, 2010. All three notices of the trustee's sale were recorded more than 30 days later.

The Leahys contend, however, that when a trustee's sale does not occur within 120 days of the originally scheduled date for the sale, a new sale cannot be scheduled unless the trustee sends out a new notice of default. For this argument, they rely on Albice.

In Albice, the homeowner successfully argued that the trustee lacked statutory authority to sell her home 161 days after the date set forth in its notice of trustee's sale. The Supreme Court declared the sale invalid:

> When a party's authority to act is prescribed by a statute and the statute includes time limits, as under RCW 61.24.040(6), failure to act within that time violates the statute and divests the party of statutory authority. Without statutory authority, any action taken is invalid. As we have already mentioned and held, under this statute, strict compliance is required. Udall [v. T.D. Escrow Servs., Inc.], 159 Wn.2d [903,] 915-16[, 154 P.3d 882 (2007)]. Therefore, strictly applying the statute as required, we agree with the Court of Appeals and hold that under RCW 61.24.040(6), a trustee is not authorized, *at least not without reissuing the statutory notices*, to conduct a sale after 120 days from the original sale date, and such a sale is invalid.

Albice, 174 Wn.2d at 568 (emphasis added).

The Leahys rely on the court's use of the plural "notices" in the sentence emphasized above. They assume that the statutory notices that must be reissued include not only the notice of trustee's sale, but also the notice of default. There is no basis for this assumption in either the plain language of the statute or in Albice. There are other statutory notices that the court may have been referring to, such as the notice of foreclosure that must accompany the notice of trustee's sale. RCW 61.24.040(2). And the holding in Albice pertained to the specific statutory limit that requires a scheduled sale to occur within 120 days of the recording of the notice of sale. The court did not announce a new, nonstatutory requirement for reissuing a notice of default.

In light of the function served by the notice of default as compared to the notice of trustee's sale, it would not make sense to interpret the act as requiring reissuance of the notice of default. "The purpose of the notice of default is to

notify the debtor of the amount he owes and that he is in default." Koegel v. Prudential Mut. Sav. Bank, 51 Wn. App. 108, 112, 752 P.2d 385, review denied, 111 Wn.2d 1004 (1988). The original notice serves that purpose. The notice of trustee's sale, by contrast, must be recorded to give notice to the world that a foreclosure sale is scheduled for a specific date. The sale can be continued, but not beyond the 120-day period. Once the 120-day period expires, a new trustee's sale must be scheduled and a new notice of sale must be issued and recorded to ensure that potential buyers are informed of the new sale date.

Leahys also cite Watson v. Northwest Trustee Services, Inc., 180 Wn. App. 8, 321 P.3d 262, review denied, 181 Wn.2d 1007 (2014). In Watson, debtors received notice of default on February 5, 2011. A trustee's sale was postponed and then canceled. Meanwhile, the legislature amended the deed of trust act by enacting the Foreclosure Fairness Act. The amendment went into effect on July 22, 2011. It added information that must be included in a notice of default when the property is owner occupied. RCW 61.24.030(k); LAWS OF 2011, ch. 364, § 3. On November 8, 2011, the trustee recorded a second notice of sale, scheduling the sale for December 23, 2011. The trustee did not send a new notice of default or otherwise contact the debtors before recording the second notice. A third party purchased the property on December 23, 2011. In litigation initiated by the debtor to have the sale invalidated, this court reversed a summary judgment that had been granted to the trustee. We held that scheduling a new sale triggered application of the Foreclosure Fairness Act and

the sale was invalid because it was not preceded by the preforeclosure notices required by the Foreclosure Fairness Act.

The Leahys argue that their case mirrors Watson in every consequential respect. But we did not hold in Watson that a trustee can never issue a subsequent notice of sale without also issuing a new notice of default. The new notice of default was required in that case as a consequence of our application of the Foreclosure Fairness Act. Those requirements apply only to deeds of trust recorded against owner-occupied residential real property. See 18 WILLIAMS B. STOEBUCK & JOHN W. WEAVER, WASHINGTON PRACTICE: REAL ESTATE: TRANSACTIONS, § 20.1A, at 38 (2d ed. Supp. 2014); RCW 61.24.165(1).

Quality Loan's motion for summary judgment catalogued the evidence that the property was not owner occupied, including the Leahys' assertion in their pleadings that they were residents of Snohomish County. In response, Ms. Leahy declared that the subject property was owner occupied at the time the notice of default was issued. She stated that the property was the couple's primary residence from February 2010 to May 2010 while they renovated it in preparation for renting it out.

The superior court concluded that the Leahys had failed to establish a genuine issue of material fact as to whether the home was owner occupied.

> The last thing I want to say is, in this Court's view it is not enough to raise a question of fact about whether it was the primary residence and an owner-occupied residence by a declaration in response to a summary judgment action when the pleadings have alleged just the opposite, and where there's no other evidence whatsoever raised that creates an issue of fact.

7

The Leahys' briefs on appeal do not contend that the trial court erred by concluding Ms. Leahy's declaration was insufficient to raise a genuine issue of material fact. The Leahys do not argue in their briefs that the subject property was owner occupied. And they confirmed at oral argument before this court that they are not taking the position that the property was owner occupied. Accordingly, we conclude that Watson is not helpful to their argument that the trustee's sale should be invalidated.

Quality Loan complied with the plain language of the deed of trust act by transmitting a notice of default more than 30 days before recording the notice of trustee's sale and by selling the property within 120 days of the date listed in the third recorded notice of trustee's sale.

## WAIVER

The Leahys contend the sale was invalid because the notice of default issued on April 9, 2010, did not strictly conform to RCW 61.24.030(8)(a)-(l). The items they claim rendered the notice of default deficient are as follows:

1. The notice of default contained the name, but not the address, of the WaMu Mortgage Pass-Through Certificates Series 2006-AR15 Trust.

2. The notice listed Washington Mutual Bank, a company that had been out of business for almost two years, as the loan servicer.

3. The notice gave JPMorgan Chase's Florida address as the address for Washington Mutual.

4. The notice did not provide JPMorgan Chase's name as the loan servicer.

8

5. The notice did not provide a telephone number for JPMorgan Chase as the actual loan servicer, or for Washington Mutual as the alleged loan servicer.

6. The notice did not provide an exact amount that appellants had to pay to reinstate the note and deed of trust.

7. The notice listed Quality Loan's address as the address of the beneficiary.

8. The notice indicated Quality Loan was the successor trustee, even though Quality Loan was not appointed as the successor trustee until more than three months after the notice was transmitted to the Leahys.

Quality Loan responds that the Leahys waived any right to challenge these alleged defects by failing to obtain an order restraining the sale.

A borrower may move to restrain a trustee's sale on any proper legal or equitable ground. RCW 61.24.130(1). Borrowers must give five days' notice to the trustee of the time when, place where, and the judge before whom the application for the restraining order is to be made. RCW 61.24.130(2). This notice must include copies of all pleadings and related documents to be given to the judge. RCW 61.24.130(2). Proof that such notice was served on the trustee must accompany every application to restrain a trustee's sale. RCW 61.24.130(2). The Leahys did not move to restrain the sale within the five-day limit required by the deed of trust act.

The failure to take advantage of the presale remedies under the deed of trust act may result in waiver of the right to object to the sale. Plein v. Lackey, 149 Wn.2d 214, 227, 67 P.3d 1061 (2003), citing RCW 61.24.040(1)(f)(IX); see

9

also Frizzell v. Murray, 179 Wn.2d 301, 307, 313 P.3d 1171 (2013). Waiver is an equitable doctrine and courts apply it only where it is equitable under the circumstances and where it serves the goals of the act. Albice, 174 Wn.2d at 570.

Waiver of the right to object to a trustee's sale occurs where a party (1) received notice of the right to enjoin the sale, (2) had actual or constructive knowledge of a defense to the foreclosure prior to the sale, and (3) failed to obtain a court order enjoining the sale. Plein, 149 Wn.2d at 227. All three circumstances are present in this case. First, each of the three notices of sale alerted the Leahys of their right to "bring a lawsuit to restrain the sale pursuant to RCW 61.24.130" and that "failure to bring such a lawsuit may result in a waiver of any proper grounds for invalidating the Trustee's sale." Second, the Leahys acknowledge receiving the April 2010 notice of default, which means they had actual or constructive knowledge of the eight alleged defects that they now assert as a basis for invalidating the sale. Third, the Leahys failed to obtain an order restraining the sale, apparently because their motion—filed only three days before the sale—did not comply with the statutory requirement to give at least five days' notice to the trustee.

The Leahys do not dispute that the three conditions upon which the court found waiver in Plein were present in their case. They argue, however, that the right to challenge errors in the notice of default cannot be waived, citing

10

Schroeder v. Excelsior Management Group, LLC, 177 Wn.2d 94, 297 P.3d 677 (2013).

In Schroeder, a debtor fell into default on a loan secured by a deed of trust on 200 acres of agricultural property. Property used for agricultural purposes is not subject to nonjudicial foreclosure. RCW 61.24.030(2). The debtor in Schroeder negotiated a forbearance agreement with the lender in which he waived his right to claim that the property was used for agricultural purposes. The debtor defaulted and a nonjudicial foreclosure was set in motion. Four days before the scheduled sale, the debtor filed a complaint for damages and injunctive relief. The trial court initially granted the debtor's motion for a temporary restraining order but then dissolved it for failure to comply with the statutory five-day notice period. After the trustee's sale, the court granted the trustee's motion for summary judgment, dismissing all of Schroeder's claims. Schroeder appealed.

The Supreme Court held that the debtor could not validly waive his right to judicial foreclosure of agricultural land. This is because RCW 61.24.030 does not list rights held by the debtor; rather it imposes limits on the trustee's power to foreclose without judicial supervision. The lender argued that the debtor's postsale challenge was barred under Plein because of the debtor's failure to bring a timely action to restrain the sale. The court rejected this argument, emphasizing that the trustee simply did not have authority to sell a property that was used for agricultural purposes:

> Based on Plein, the defendants argue that Schroeder failed
> to give the statutory five-day notice required by RCW 61.24.130(2)

and failed to successfully enjoin the sale, and thereby waived his right to contest the sale. We emphasize the obvious. If Schroeder's land was agricultural, then not only did the trustee not have authority to proceed with an nonjudicial foreclosure, but the very statute upon which the trustee relies to support its five-day notice requirement, RCW 61.24.130(2), is inapplicable.

We conclude that the respondents' reliance on Plein is misplaced. It is well settled that the trustee in foreclosure must strictly comply with the statutory requirements. Albice, 174 Wn.2d at 568 (citing Udall, 159 Wn.2d at 915-16). A trustee in a nonjudicial foreclosure may not exceed the authority vested by that statute. Id. As we have recently held, the borrower may not grant a trustee powers the trustee does not have by contracting around provisions in the deed of trust statute. Bain[ v. Metro. Mortg. Grp., Inc.], 175 Wn.2d [83,] 100[, 285 P.3d 34 (2012)].

. . . Nothing in Plein suggests that waiver might cause the deed of trust act to apply to transactions to which the deed of trust act does not apply. If Schroeder's 200 acres were used primarily for agricultural purposes, Plein is inapplicable.

Schroeder, 177 Wn.2d at 111-12.

The Leahys contend that the requirements in RCW 61.24.030(8) for information that must be contained in the notice of default likewise serve as limitations on the trustee's authority to act. They argue accordingly that under Schroeder, there can be no waiver of a claim that a sale is invalid if the notice of default is deficient. Schroeder, however, is not analogous. Schroeder stands for the proposition that the deed of trust act does not apply to land used for agricultural purposes. Here, however, the deed of trust act is applicable to the subject property.

The Leahys have failed to demonstrate—or even assert—that they suffered any prejudice as a result of the alleged omissions or errors in the notice of default. See Koegel v. Prudential Mut. Sav. Bank, 51 Wn. App. 108, 752 P.2d 385, review denied, 111 Wn.2d 1004 (1988). As in Koegel, we conclude that the

omissions and errors alleged by the Leahys with respect to the notice of default do not justify invalidating the sale or granting other relief. The Leahys admit that they defaulted on their loan in March 2009. They admit that they received the notice of default and three separate notices of sale. They had knowledge of the identity of the trustee and beneficiary, and they had no difficulty contacting the trustee to communicate their concerns regarding the foreclosure. Their brief makes no attempt to demonstrate prejudice caused by the allegedly erroneous information in the notice of default. The Leahys have provided us with no basis to hold that the trial court erred in granting summary judgment to Quality Loan. Under Plein, they have waived the right to challenge the deficiencies they now assert.

Affirmed.

WE CONCUR: