## IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| CONCEPCION HERMOSILLO,<br><br>          Appellant,<br><br>   v.<br><br>QUALITY LOAN SERVICE CORP. OF WASHINGTON, a Washington corporation; NEW YORK COMMUNITY BANK,<br><br>          Respondents,<br><br>ERNST, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., a Delaware corporation; and JOHN DOES 1-10,<br><br>          Defendants. | No. 75020-8-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION<br><br>FILED: April 24, 2017 |

LEACH, J. — Concepcion Hermosillo appeals the summary dismissal of her Consumer Protection Act (CPA)[1] claim against New York Community Bank (NYCB) and Quality Loan Service Corp. of Washington. After Hermosillo defaulted on a loan, NYCB foreclosed on her property. The property was later sold at public auction. Hermosillo sued NYCB and Quality, the trustee that conducted the sale. She claims their actions in connection with the foreclosure violated the CPA. Because no evidence shows that the respondents' conduct was unfair or deceptive, we affirm dismissal of her CPA claim.

---

[1] Ch. 19.86 RCW.

## FACTS

In 2005, Hermosillo borrowed $212,000 from Ernst Inc. to purchase real property. Hermosillo delivered to Ernst a promissory note and deed of trust against the property to secure payment of the note. Ernst later transferred the note to AmTrust Bank (formerly Ohio Savings Bank). The deed of trust identified Mortgage Electronic Registration Systems Inc. (MERS) as beneficiary. AmTrust failed in 2009, and NYCB acquired the note from the Federal Deposit Insurance Corporation (FDIC), which had been appointed as receiver of AmTrust. The FDIC endorsed the note to NYCB, and NYCB took possession of the original note.

In April 2012, Hermosillo and NYCB entered into a loan modification agreement. Still, in June 2012, Hermosillo stopped making mortgage payments, defaulting on her loan.

MERS purported to assign its beneficial interest in the deed of trust to NYCB in an assignment of deed of trust that it recorded in October 2012.

In March 2013, NYCB gave Quality a beneficiary declaration stating that NYCB was the actual holder of the note and recorded Quality's appointment as successor trustee.

As required by the deeds of trust act (DTA),[2] Quality sent Hermosillo a notice of default and, 30 days later, issued and recorded a notice of trustee's sale.

---

[2] Ch. 61.24 RCW.

Quality scheduled a foreclosure sale for August 16, 2013. But this sale did not take place. On August 19, 2013, Quality discontinued the trustee's sale.[3]

In April 2015, Hermosillo was still in default, and Quality issued and recorded a second notice of trustee's sale. But it did not send a new notice of default. On December 1, 2015, the trial court denied Hermosillo's motion to enjoin the sale. Facts about the ensuing sale are set forth in the companion case, Haydari v. Hermosillo, No. 74871-8-I.

After the foreclosure sale, Hermosillo sued NYCB, Quality, MERS, and Ernst for violating the CPA. NYCB and Quality moved for summary judgment. The trial court granted the motion, dismissing the case as to those parties. Hermosillo appeals.[4]

## ANALYSIS

We review summary judgment orders de novo.[5] A trial court may grant summary judgment only when no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law.[6] When reviewing a summary judgment order, we engage in the same inquiry as the trial court, considering the facts and all reasonable inferences from the facts in the light most

---

[3] The parties claim that Quality discontinued the sale because it had been automatically stayed as a result of bankruptcy proceedings that Hermosillo filed on August 14, 2013. But beyond the pleadings and briefing, the record contains no information about the stay or bankruptcy proceeding.

[4] On June 8, 2016, the superior court dismissed Ernst & MERS. Hermosillo did not appeal any final orders as to MERS or Ernst. We do not consider the merits of any claims Hermosillo has made against these entities.

[5] Hadley v. Maxwell, 144 Wn.2d 306, 310-11, 27 P.3d 600 (2001).

[6] CR 56(c).

favorable to the nonmoving party.[7] We may affirm a trial court's grant of summary judgment on any basis supported by the record.[8]

To prevail on a CPA claim, a plaintiff must show (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) a public interest impact, (4) injury to the plaintiff in his or her business or property, and (5) a causal link between the unfair or deceptive act and the injury.[9] "[A] claim under the Washington CPA may be predicated upon a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest."[10] An appellate court reviews whether a particular action gives rise to a CPA violation as a question of law.[11]

Hermosillo bases her CPA claim on alleged wrongful foreclosure and violations of the DTA. Violations of the DTA can support all five elements of a CPA claim.[12] But "[a] claim under the CPA based on violations of the DTA must meet the same requirements applicable to any other CPA claim."[13] Here, because

---

[7] Right-Price Recreation, LLC v. Connells Prairie Cmty. Council, 146 Wn.2d 370, 381, 46 P.3d 789 (2002).
[8] Steinbock v. Ferry County Pub. Util. Dist. No. 1, 165 Wn. App. 479, 485, 269 P.3d 275 (2011).
[9] Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co., 105 Wn.2d 778, 780, 719 P.2d 531 (1986).
[10] Klem v. Wash. Mut. Bank, 176 Wn.2d 771, 787, 295 P.3d 1179 (2013).
[11] Leingang v. Pierce County Med. Bureau, Inc., 131 Wn.2d 133, 150, 930 P.2d 288 (1997).
[12] Lyons v. U.S. Bank Nat'l Ass'n, 181 Wn.2d 775, 785, 336 P.3d 1142 (2014).
[13] Lyons, 181 Wn.2d at 785.

Hermosillo does not show NYCB or Quality committed an unfair or deceptive act, the trial court correctly granted summary judgment to respondents.

First Hermosillo claims that NYCB did not have authority to pursue foreclosure. We disagree. Hermosillo does not dispute that NYCB was the holder of the note. As the note holder, NYCB had authority to foreclose.[14]

Hermosillo claims that the security—the deed of trust—does not automatically follow the note but instead follows ownership of the note. Hermosillo also asserts that a deed of trust does not secure repayment of a promissory note because the promissory note is itself repayment. But our Supreme Court held in Brown v. Department of Commerce[15] that possession of a promissory note determines the right to foreclose. Hermosillo admits that under Brown, her CPA claim lacks merit. She challenges the Brown decision, asserting that it conflicts with the provisions of RCW 62A.9A-203 about the enforceability of security interests. As a result, she claims that Brown unconstitutionally encroaches on the legislature's plenary authority to enact the laws of the State of Washington. But "[w]e are bound by the decisions of our state Supreme Court and err when we fail to follow them.[16] We reject Hermosillo's challenge to Brown.

In addition to being contrary to our Supreme Court's decisions, her claim that the deed of trust does not secure the note is contradicted by the actual

---

[14] Brown v. Dep't of Commerce, 184 Wn.2d 509, 524-25, 359 P.3d 771 (2015).

[15] 184 Wn.2d 509, 524-25, 359 P.3d 771 (2015).

[16] MP Med. Inc. v. Wegman, 151 Wn. App. 409, 417, 213 P.3d 931 (2009) (citing 1000 Virginia Ltd. P'ship v. Vertecs Corp., 158 Wn.2d 566, 578, 146 P.3d 423 (2006)).

language of the deed of trust. The deed specifically states that "[t]his Security Instrument secures to Lender (i) the repayment of the Loan" and defines "Loan" to mean "the debt evidenced by the Note."

Hermosillo claims that the MERS assignment of the deed of trust was ineffective because MERS never had a beneficial interest in the note so no beneficial interest ever transferred. But the invalidity of the MERS assignment does not affect NYCB's ability to enforce the deed of trust in this case. As the holder of the note, NYCB had the power to enforce the deed of trust because the deed of trust follows the note by operation of law.[17] NYCB possessed the note. It did not need an assignment of an interest in the deed of trust. Thus, the assignment's invalidity did not affect NYCB's authority to foreclose.

Hermosillo does not show that a question of fact exists about NYCB's right to foreclose. For this reason, Hermosillo does not show that NYCB committed an unfair or deceptive act when it pursued foreclosure.

Next, Hermosillo asserts that the sale was improper because Quality did not comply with the DTA's notification requirements. RCW 61.24.030 details the procedures for a trustee's sale. At least 30 days before a trustee schedules a sale, the trustee must send the borrower a written notice of default.[18] Only then can the trustee record a notice of trustee's sale.[19] The notice of sale must contain the date

---

[17] Bain v. Metro. Mortg. Grp. Inc., 175 Wn.2d 83, 104, 285 P.3d 34 (2012) ("Washington's deed of trust act contemplates that the security instrument will follow the note, not the other way around.").
[18] RCW 61.24.030(8).
[19] RCW 61.24.030(8).

of the sale.[20]  If the sale is not held within 120 days of that date, the trustee must issue a new notice of sale.[21]

Hermosillo asserts that because Quality did not send a new notice of default after it discontinued the first sale, it could not properly issue a second notice of trustee's sale without first sending a new notice of default.  She relies on our Supreme Court's decision in Albice v. Premier Mortgage Services of Washington, Inc.[22]  Albice held that the DTA requires a new notice of trustee's sale if the sale date stated in the original notice of trustee's sale expires.[23]  But in Leahy v. Quality Loan Service Corp.,[24] we clarified that this does not require the trustee to send a new notice of default.  We held that the plain language of the statute requires only a new notice of trustee's sale.[25]

Hermosillo asserts that because Quality terminated the sale, rather than merely postponed it, the DTA requires a new notice of default.  In Leahy, we rejected the argument that when a trustee's sale is continued for more than 120 days from the date provided in the notice of trustee's sale, the trustee must issue a new notice of default.[26]  We explained that the notice of default serves a different purpose than the notice of trustee's sale.[27]  The notice of default notifies the debtor

---

[20] RCW 61.24.040(1)(f).
[21] RCW 61.24.040(6); Albice v. Premier Mortg. Servs. of Wash., Inc., 174 Wn.2d 560, 568, 276 P.3d 1277 (2012).
[22] 174 Wn.2d 560, 276 P.3d 1277 (2012).
[23] Albice, 174 Wn.2d at 568.
[24] 190 Wn. App. 1, 6-7, 359 P.3d 805 (2015), review denied, 185 Wn.2d 1011 (2016).
[25] Leahy, 190 Wn. App. at 6-7.
[26] Leahy, 190 Wn. App. at 6-7.
[27] Leahy, 190 Wn. App. at 7.

of the amount she owes and that she is in default.[28] By contrast, the notice of trustee's sale notifies the world of the foreclosure sale.[29] "In light of the function served by the notice of default as compared to the notice of trustee's sale, it would not make sense to interpret the act as requiring reissuance of the notice of default."[30] Hermosillo cites no authority for her argument that a discontinued sale differs significantly from a continued sale. And in light of the different purposes the notices serve, we see no reason to depart from our decision in Leahy.

Here, under Leahy, the statutory requirements for notice were met. Quality properly recorded a new notice of trustee's sale after the original expired. And Hermosillo does not show that she ever cured the default described in the 2012 notice that she received. Thus, the original notice of default was still in effect.

Because NYCB had authority to foreclose and Quality complied with the notification requirements of the DTA, their conduct was not unfair or deceptive. Hermosillo fails to show an issue of fact about an essential element of her CPA claim. Her claim fails, and we need not address any of its other elements.

---

[28] Leahy, 190 Wn. App. at 7.
[29] Leahy, 190 Wn. App. at 7.
[30] Leahy, 190 Wn. App. at 7.

-8-

FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2017 APR 24 AH 9: 29

No. 75020-8-I / 9

We affirm.

WE CONCUR: